IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHELBY COUNTY HEALTHCARE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 13-2087-STA-tmp ) |
| DIETITIAN ASSOCIATES, INC.; DEPARTMENT OF THE TREASURY- INTERNAL REVENUE SERVICE; SUNTRUST BANK; A.A. JACKSON & ASSOCIATES, INC.; ETI CORPORATION; RIPP WALKER; METHODIST HEALTHCARE MEMPHIS HOSPITALS; WILLS & WILLS, LP; and MICHAEL E. HAMPTON, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SERVICE BY PUBLICATION**

Before the Court is Plaintiff Shelby County Healthcare Corporation's Memorandum in Support of Motion for Service by Publication (D.E. # 19), filed on June 13, 2013.[1] For the reasons

---

[1] Plaintiff filed its original motion for service by publication (D.E. # 15) on May 3, 2013. On May 8, 2013, the Court ordered Plaintiff "to file a more complete memorandum of law setting forth all of the grounds under Tennessee statute and other relevant law that support its request to serve Defendant Michael E. Hampton by publication." Order Directing Pl. to File Mem. of Law in Support 2 (D.E. # 17). The Court gave Plaintiff 21 days in which to file its memorandum, making Plaintiff's brief due on or before June 3, 2013. Plaintiff failed to file its brief by that deadline, and on June 5, 2013, the Court denied Plaintiff's original motion for service by publication. Under the circumstances, the Court will construe Plaintiff's filing as a renewed motion for service by publication.

1

set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

On January 4, 2013, Plaintiff filed a Complaint in Interpleader in the Chancery Court for Shelby County, Tennessee, to interplead funds with the state court in the amount of $196,601.37. Notice of Removal, ex. 1, Compl. (D.E. # 1-2). On February 8, 2013, Defendant United States of America, Department of the Treasury, Internal Revenue Service filed a notice of removal, asserting that this Court had original jurisdiction over this matter under 28 U.S.C. § 1442, among other statutes. Plaintiff states that to date it has been unable to effect personal service of process on Defendant Michael E. Hampton ("Hampton"). Counsel for Plaintiff has stated in separate affidavits that Plaintiff has made several attempts to serve Hampton personally, in Nashville and at Hampton's last known residence in Memphis. Plaintiff has also attempted to serve Hampton by mail at several of his last known addresses. None of these attempts have been successful.

Plaintiff now seeks leave of Court to serve Defendant by means of publication. Plaintiff cites for support Federal Rule of Civil Procedure 4(e) and Tennessee Rule of Civil Procedure 4.08. Rule 4(e)(1) of the Federal Rules of Civil Procedure simply provides for service of an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[2] In turn, Rule 4.08 of the Tennessee Rules of Civil Procedure states that "[i]n cases where constructive service of process is permissible under the statutes of this state, such service shall be made in the manner prescribed by those statutes, unless otherwise expressly provided in these rules."[3]

---

[2] Fed. R. Civ. P. 4(e)(1).

[3] Tenn. R. Civ. P. 4.08.

In its memorandum, Plaintiff argues that Tenn. Code Ann. § 21–1–203 allows a court to dispense with personal service in cases where a "the sheriff makes return upon any leading process that the defendant is not to be found" or "when the residence of the defendant is unknown and cannot be ascertained about diligent inquiry."[4] Plaintiff argues that Hampton could not be served at his last known address and could not be located despite Plaintiff's diligent inquiry. According to Plaintiff, Tenn. Code Ann. § 21–1–204 provides that the court can order a missing "defendant to appear at a certain day . . . and defend" and that "the clerk shall forewith cause a copy of this order to be published for four (4) consecutive weeks in the newspaper mentioned in the order or designated by the general rules of the court."[5]

## ANALYSIS

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties."[6] The issue presented in this case is whether the Court should order service by publication as to Defendant Michael E. Hampton. Plaintiff has shown that it has made reasonable attempts to serve Hampton both personally at his last known residence and at other possible properties where Hampton might be found. Plaintiff has further made reasonable attempts to serve Hampton by means of U.S. Mail at Hampton's known mailing addresses. Based on the affidavits of counsel for Plaintiff, the Court is satisfied that Plaintiff has exercised reasonable diligence to serve Hampton personally but that Plaintiff's efforts have failed to perfect service on Hampton.

---

[4] Tenn. Code Ann. § 21–1–203(a)(3) & (5).

[5] Tenn. Code Ann. § 21–1–204(a) & (b).

[6] *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (citation omitted).

3

Plaintiff seeks leave to serve Hampton under Tenn. Code Ann. § 21–1–203, which dispenses with personal service under specific circumstances. Tenn. Code Ann. § 21–1–204 then sets forth the procedure for accomplishing service by publication. It is not clear to the court whether service by publication under Tenn. Code Ann. § 21–1–204 is entirely appropriate in this case. Plaintiff has not cited any authority for utilizing notice by publication under the circumstances presented here. Another member of this Court has concluded that service by publication under Tenn. Code Ann. § 21–1–204 does not comply with due process where a plaintiff actually knows the missing defendant's name or address.[7] As previously discussed, Plaintiff has actual knowledge of several possible addresses where Plaintiff has attempted to serve Hampton. Therefore, the Court declines to authorize service by publication under Tenn. Code Ann. § 21–1–204.

Nevertheless, 28 U.S.C. § 1655 provides that "[i]n an action in a district court to enforce any lien upon or claim to . . . real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."[8] The Court's jurisdiction in this case is based in part on the adjudication of a tax lien asserted by the IRS against the proceeds Plaintiff seeks to interplead with the Court. Pursuant to 28 U.S.C. § 2410, the United States may be named a party in any civil action or suit in any district court . . . of interpleader or in the nature of interpleader with respect to real or

---

[7] *See Pigrum v. Jordan*, No. 01-1361, 2002 WL 1477204 (W.D. Tenn. July 3, 2002) (Todd, C.J.) (denying a plaintiff's request to serve by publication under Tenn. Code Ann. § 21–1–204 because "notice by publication is not sufficient to comply with due process when the person's name or address is known").

[8] 28 U.S.C. § 1655.

4

personal property on which the United States has or claims a mortgage or other lien."[9] Furthermore, in *Guy v. Citizens Fidelity Bank & Trust*, the Sixth Circuit construed § 1655 to apply to an interpleader action because the case concerned "the determination of the question of who is entitled to possession of [interpleaded personal property]."[10] Moreover, the interpleader was "an action in rem" because the interpleaded property was located entirely within the Western District of Kentucky.[11] Likewise, Plaintiff in this case is currently in possession of funds to which multiple parties assert a claim or interest and which Plaintiff seeks to interplead into the Court's registry.[12] This appears to be a purely in rem matter, concerning personal property located entirely in this District. Therefore, the Court concludes that § 1655 provides a proper procedure for serving Hampton by means of publication.

Service by publication is one possible means of giving a missing defendant notice of the adjudication of a lien or claim on personal property located in this District. Under § 1655, the Court must issue a "warning order," directing the defendant "to appear or plead by a day certain."[13] If "personal service [of the court's order] is not practicable, the order shall be published as the court

---

[9] 28 U.S.C. § 2410(a)(5).

[10] *Guy v. Citizens Fid. Bank & Trust Co.*, 429 F.2d 828, 832 (6th Cir. 1970).

[11] *Id.* ("The assignments of leases, having been moved to the Western District of Kentucky by agreement of all of the parties, were physically in the possession of Citizens Fidelity, and they were within the jurisdiction of the District Court."); *but see New York Life Ins. Co. v Dunlevy*, 241 US 518 (1916) (holding that an interpleader action brought under Pennsylvania to settle multiple claims to the surrender value of an insurance policy was an action in personam and that personal service of process on the claimants to proceeds was required).

[12] *See* Compl. for Interpleader ¶¶ 18–20, 23.

[13] 13 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3632 (3d ed. updated Apr. 2013) (citing 28 U.S.C. § 1655).

may direct, not less than once a week for six consecutive weeks."[14] For the same reasons that Plaintiff has been unable to effect personal service of the summons and complaint on Hampton, the Court finds that personal service of any order from the Court is not practicable in this case. Pursuant to the notice requirements of § 1655, the following directive shall constitute the Court's "warning order" and Plaintiff is ordered to cause the following "warning order" to be published in the Memphis Commercial Appeal at least once a week for six consecutive weeks:

> Michael E. Hampton is hereby given notice that he is named as a defendant in the matter of *Shelby County Healthcare Corp. v. Michael E. Hampton et al.*, Civil Action no. 2:13-cv-2087-STA-tmp, in the United States District Court for the Western District of Tennessee. Mr. Hampton is ordered by the Court to appear and plead in this matter no later than September 1, 2013. Should Mr. Hampton fail to appear and plead within the time specified, the Court will proceed to adjudicate the claims on the funds at issue as if Mr. Hampton had been served with process within the state of Tennessee.

Plaintiff is further order to file proof of publication on the record at the conclusion of the publication period.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 25, 2013.

---

[14] § 1655.